ALBERT MARINO, Plaintiff, *v.* HERMAN GLASSMAN, Defendant.

Supreme Court, Special Term, Kings County, February 4, 1947.

*Jerome J. Licari* for plaintiff.

*Julius A. Feingold* for defendant.

F. E. JOHNSON, J.  Plaintiff is defendant's tenant and in a summary proceeding against him a final order was granted in favor of this defendant who was the petitioner in that proceeding.  The Municipal Court stayed the execution of the warrant from June until September, 1946.  In the latter month an application to the Municipal Court for further time having failed for lack of power the parties agreed in writing that the warrant be stayed to January 1, 1947, with the further stipulation " that the tenant will not make any further application for an extension of time or further stay of execution of the warrant heretofore granted by this court."  By a summons and complaint dated February 1, 1947, the tenant brought this action, reciting the results of the summary proceeding and his futile efforts to get other quarters, his inability to buy a house at the present high prices, the illness of his wife and various consequences of the execution of the final order, which he says will do him such damage as will be irreparable.  He alleges that he has no adequate remedy at law and asks an injunction against the execution of the warrant.  This type of action seems not to have been brought and counsel have found no authority which permits the plaintiff to do what he is attempting to do in this court.  The suggestion that subdivision 2 of section 1446 of the Civil Practice Act gives this remedy seems to be answered by saying that these papers do not show any facts that would be effective in procuring a stay in an action in *ejectment*.  There is hardship certain to result whichever course is pursued by the owner.  The papers disclose a set of facts which indicate that much hardship will be caused to his daughter and her ex-serviceman husband, who are living with the defendant, and to his ex-serviceman son and to the defendant's wife and himself, if this house which he has purchased is further withheld from him.  Which side will suffer more in either event is not, of course, the test because the first question to be answered is whether this court has any power to grant the relief sought for.  There does not seem to be any such power and so the application for a temporary injunction must be denied, not as a matter of discretion, but for complete lack of power.